20159

Dorothy HOWARD, Appellant, v. Shirley·RIDDLE, Respondent.·
(221 S. E. (2d) 865)

*Kenneth C. Porter, Esq.,* of Greenville, *for Appellant,*

James M. Shoemaker, Jr., Esq., of Wyche, Burgess, Freeman & Parham, Greenville, for Respondent,

Jan. 28, 1976.

RHODES, Justice:

This is an action for property damage and personal injuries by plaintiff-appellant, Dorothy Howard, against defendant-respondent, Shirley Riddle, which arose out of an automobile collision. Plaintiff's motion for a directed verdict as to defendant's liability was denied by the lower court. The jury having found for defendant, plaintiff appeals from the denial of her motion. We affirm.

The facts giving rise to the collision are not in dispute. The collision occurred at an intersection where plaintiff had stopped her car in obedience to a traffic light. Defendant was stopped directly behind plaintiff's car and, while waiting for the light to change, she released the brake of her car causing it to roll forward for about three feet and collide with the rear of plaintiff's vehicle.

The sole issue on appeal is whether the evidence, viewed in the light most favorable to defendant, is susceptible of only the one reasonable inference that defendant's act constituted actionable negligence. We confine our consideration of this question to only property damage as the motion made by plaintiff embraced only this element of damage.[1]

---

[1] The motion as found in the record was as follows:
"Mr. Porter: Your Honor, the plaintiff respectfully moves for a directed verdict on the actual damages to the plaintiff's vehicle the only reasonable inference it was negligence as a matter of law."

The act of defendant in removing her foot from the ▇ brake and allowing her car to roll forward into the plaintiff's car is clearly a negligent act as a matter of law. There can be little argument but that such act on the part of defendant constituted a failure to exercise due or ordinary care. However, in order to impose liability on a defendant in any negligence action, it is necessary to prove actionable negligence, which is defined in the case of *Gray v. Southern Facilities, Inc.*, 256 S. C. 558, 183 S. E. (2d) 438 (1971), in the following language: "It is basic that a negligent act is not in itself actionable and only becomes such when it results in injury or damage to another." The burden imposed on a plaintiff in order to be entitled to a directed verdict as to the liability of a defendant is succinctly stated in the following language from 65A C. J. S. Negligence § 251(6)b (1966):

"Plaintiff must show, as a matter of law, not only that defendant was negligent but also that his negligence was a contributing or proximate cause of the injury, and plaintiff's motion must be denied where defendant's negligence, or that such negligence proximately caused the injury, is not the sole conclusion which reasonable men could draw from the evidence." p. 797.

Plaintiff's motion, as we construe it, was for a directed verdict as to the liability of defendant submitting only the question of the amount of damages to the jury. In order for plaintiff to prevail on her motion, it was necessary that she not only prove a negligent act on the part of defendant but also prove that such negligence was a proximate cause of *some* damage to plaintiff. As above stated, it is necessary that both the negligent act and proximate cause of *some* damage to plaintiff be proven to the point that no other reasonable inference can be drawn from the testimony when viewed in the light most favorable to defendant.

While we find that the act of negligence on the part of defendant was proven as a matter of law, the testimony

is in sharp conflict on the issue of whether *any* damage was sustained to the car as a result of the collision. Although plaintiff and a witness testified that damage was sustained to the car, defendant testified that plaintiff told her at the scene of the collision that the car had sustained no damages and that she saw no damage to the vehicle. Since the testimony is in dispute as to whether *any* damage was caused to the car as a proximate cause of defendant's negligence, the trial court properly refused plaintiff's motion and submitted all issues to the jury. See *Rawdon v. Stanley*, 455 F. (2d) 482 (10th Cir. 1972).

Affirmed.

LITTLEJOHN and NESS, JJ., concur.

LEWIS, C. J., and GREGORY, J., dissent.

LEWIS, Chief Justice (dissenting) :

I respectfully dissent.

I agree with the majority opinion that plaintiff's (appellant's) motion "was for a directed verdict as to the liability of defendant (respondent) submitting only the question of the amount of damages to the jury." I further agree with the majority "that the act of negligence on the part of defendant was proven as a matter of law." It is uncontradicted that this act of negligence caused the collision between the vehicles and any damages sustained by appellant.

The trial judge refused to direct a verdict in appellant's favor on the issue of liability. Since the negligent act of respondent was the proximate cause of the collision, appellant was entitled to have the jury instructed that respondent was liable for any damages sustained and that the issue of damages was the only one with which they were concerned. As this record stands, it is impossible for us to determine whether the jury decided in respondent's favor because they concluded (1) that there was no liability or (2), as the majority now surmises, no damages were sustained.

The failure of the trial judge to grant appellant's motion for a directed verdict was prejudicial error, entitling appellant to a new trial.

I would reverse the judgment and remand for a new trial.

GREGORY, J., concurs.